IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARC A. DIVES,<br>Individually and on behalf of all others<br>similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>**UNIFIRST CORPORATION**<br><br>*Defendant.* | § § § § § § § § § § § § | Civil Action No. _____<br><br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Marc A. Dives brings this action individually and on behalf of all current and former employees (hereinafter "Plaintiff and the Putative Class Members") of UniFirst Corporation ("UniFirst") who were paid a salary plus commissions, but no overtime during the past three years to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

## I.
## OVERVIEW

1.1     This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2     Plaintiff and the Putative Class Members are those persons who worked for UniFirst at any time within the last three years and were paid a salary plus commissions, but were not paid overtime for all hours worked over forty in a workweek.

1.3     The FLSA requires that all forms of compensation—including the salary and commissions paid to Plaintiff and the Putative Class Members—be included in the calculation of the regular rate of pay for overtime purposes.

1.4    Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek.

1.5    Plaintiff and the Putative Class Members were not paid overtime for all hours worked in excess of forty (40) hours per workweek.

1.6    The decision by UniFirst not to pay overtime to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

1.7    UniFirst knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime for all hours worked in excess of forty (40) hours per workweek.

1.8    Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.[1] Specifically, Plaintiff and the Putative Class Members performed sales and uniform delivery services on behalf of UniFirst.

1.9    Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

## II.
## THE PARTIES

2.1    Plaintiff Marc A. Dives ("Dives") worked for UniFirst within the meaning of the FLSA, within this judicial district and within the relevant three-year period. Plaintiff Dives did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

2.2    The Putative Class Members are those current and former employees who worked for UniFirst in the past three years and have been subjected to the same illegal pay system under which Plaintiff Dives worked and was paid.

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

[2] The written consent of Marc A. Dives is attached hereto as Exhibit "A."

2.3     UniFirst Corporation ("UniFirst") is a Massachusetts corporation and may be served through its registered agent for service of process: **Prentice Hall Corporation SY, 211 East 7th Street, Suite 620, Austin, Texas 78701.**

## III.
## JURISDICTION & VENUE

3.1     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

3.2     This Court has personal jurisdiction over UniFirst because the cause of action arose within this District as a result of UniFirst's conduct within this District and Division.

3.3     Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

3.4     Specifically, UniFirst has maintained a working presence throughout the State of Texas (and the United States), and Plaintiff Dives worked in Corpus Christi, Nueces County, Texas throughout his employment with UniFirst, which is located within this District and Division.

3.5     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## FLSA COVERAGE

4.1     At all times hereinafter mentioned, UniFirst has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(r).

4.2     At all times hereinafter mentioned, UniFirst has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and

have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.3     During the respective periods of Plaintiff and the Putative Class Members' employment by UniFirst, these individuals provided services for UniFirst that involved interstate commerce. Specifically, Plaintiff and the Putative Class Members routinely used equipment and handled goods or materials – such as automobiles and cell phones – that moved in, or were produced for, interstate commerce.

4.4     In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.5     Specifically, Plaintiff and the Putative Class Members are (or were) **_non-exempt_** employees who worked for UniFirst and were paid a salary plus commissions but no overtime. 29 U.S.C. § 203(j).

4.6     At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

4.7     The proposed collective of similarly situated employees, i.e. potential collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all current and former employees of UniFirst Corporation who were paid a salary plus commissions, but were not paid overtime for all hours worked over forty (40) in each workweek" (the "FLSA Collective" or "FLSA Collective Members").

4.8     The precise size and identity of the proposed FLSA Collective should be ascertainable from the business records, tax records, and/or employee or personnel records of UniFirst.

# V.
# FACTS

5.1     UniFirst is a multi-national corporation that operates over 240 facilities in the United States, Canada and Europe, and annually earns over one billion dollars in revenues.[3]

5.2     Specifically, UniFirst is one of the largest providers of "image enhancing" uniforms and work apparel for businesses, currently employs 13,000 individuals, and outfits more than 1.5 million workers each business day.[4]

5.3     Plaintiff Dives worked for UniFirst as a Direct Service Supervisor and a Routeman. Despite the different job titles, Plaintiff worked primarily as a delivery driver for UniFirst.

5.4     Plaintiff and the Putative Class Members would travel to UniFirst's client's facilities, pick-up soiled uniforms, and replace them with clean uniforms. While making deliveries, Plaintiff and the Putative Class Members were required to "upsell" the client additional goods and services, and advocate for various promotions that UniFirst would often run.

5.5     Plaintiff Dives and the Putative Class Members were all paid a salary plus commissions, but they did not receive overtime for all hours worked in excess of forty (40) in a workweek.

5.6     Plaintiff and the Putative Class Members' primary job duties included the pick-up and delivery of UniFirst uniforms to its customers across the United States.

5.7     Plaintiff and the Putative Class Members would conduct their day-to-day activities within designed parameters and in accordance with pre-determined operational plans coordinated by UniFirst and/or its clients.

---

[3] http://www.unifirst.com/company/subsidiaries/.

[4] *Id*; http://www.unifirst.com/company/press-releases/undercover-boss/.

5.8 Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by UniFirst and/or its clients.

5.9 Moreover, Plaintiff and the Putative Class Members' job functions were primarily routine and manual in nature, requiring little to no official training, much less a college education or other advanced degree.

5.10 Indeed, Plaintiff and the Putative Class Members are blue-collar workers. They rely on their hands, physical skills, and energy to perform their delivery duties on a daily basis.

5.11 Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

5.12 Plaintiff and the Putative Class Members worked long hours. Specifically, UniFirst regularly required Plaintiff and the Putative Class Members to work fifteen (15) hours per day, and more than 100 hours per week.

5.13 Plaintiff and the Putative Class Members also received commissions in addition to their respective salaries.

5.14 The commissions paid to Plaintiff and the Putative Class Members were meant to encourage and motivate Plaintiff and the Putative Class Members to work harder and "upsell" the UniFirst customers they serviced.

5.15 The commissions were based upon a pre-determined formula established by UniFirst.

5.16 The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay. Under the FLSA, the regular rate of pay is the economic reality of the arrangement between the employer and the employee. 29 C.F.R. § 778.108.

5.17     Pursuant to 29 C.F.R. § 778.117, these commissions should have been included in Plaintiff and the Putative Class Members' regular rates of pay for the purpose of calculating their overtime compensation.

5.18     Not only did UniFirst fail to include these commissions in their salaried employees' regular rates of pay before applying any and all overtime multipliers, UniFirst did not pay any overtime at all for work in excess of forty (40) hours per week to these workers.

5.19     UniFirst denied Plaintiff and the Putative Class Members overtime compensation as a result of a widely applicable, illegal pay practice of failing to pay overtime compensation to its non-exempt employees.

5.20     Accordingly, UniFirst's pay policies and practices violated the FLSA.

## VI.
## CAUSES OF ACTION

**A.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

6.1     UniFirst violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

6.2     Moreover, UniFirst knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and the Putative Class Members overtime compensation for all hours worked in excess of forty (40) hours each week. 29 U.S.C. § 255(a).

6.3     UniFirst knew or should have known their pay practices were in violation of the FLSA.

6.4      UniFirst is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

6.5     Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated blue-collar workers who trusted UniFirst to pay according to the law.

6.6     The decision and practice by UniFirst to not pay overtime was neither reasonable nor in good faith.

6.7     Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**B.     COLLECTIVE ACTION ALLEGATIONS**

6.8     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff Dives.

6.9     Other similarly situated employees have been victimized by UniFirst's patterns, practices, and policies, which are in willful violation of the FLSA.

6.10    The Putative Class Members are "all current and former employees who worked for UniFirst Corporation, at any time in the last three years, and were paid a salary plus commissions, but were not paid overtime for all hours worked over forty in a workweek."

6.11    UniFirst's failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the Putative Class Members.

6.12    Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

6.13    The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

6.14 All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

6.15 Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, Plaintiff and the Putative Class Members are blue-collar delivery drivers entitled to overtime after forty (40) hours in a week.

6.16 UniFirst employed a substantial number of workers in the United States during the past three years. Upon information and belief, these workers are geographically dispersed, residing and working in states across the country.

6.17 Absent a collective action, many members of the proposed FLSA class likely will not obtain redress of their injuries and UniFirst will retain the proceeds of its rampant violations.

6.18 Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

6.19 Accordingly, the class of similarly situated Plaintiff should be defined as:

**ALL CURRENT AND FORMER EMPLOYEES OF UNIFIRST CORPORATION WHO WERE PAID A SALARY PLUS COMMISSIONS, BUT WERE NOT PAID OVERTIME FOR ALL HOURS WORKED OVER FORTY IN A WORKWEEK.**

## VII.
## RELIEF SOUGHT

7.1 Plaintiff respectfully prays for judgment against UniFirst as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring UniFirst to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order approving the form and content of a notice to be sent to all putative collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

d. For an Order pursuant to Section 16(b) of the FLSA finding UniFirst liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

e. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

f. For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

g. For an Order awarding Plaintiff a service award as permitted by law;

h. For an Order compelling the accounting of the books and records of UniFirst; and

i. For an Order granting such other and further relief as may be necessary and appropriate.

Date: September 13, 2017

Respectfully submitted,

**ANDERSON2X, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Federal I.D. No. 19259
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys for Plaintiff and Putative Class Members***